## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CASE NO.: 6:24-cv-00047-JA-RMN

ALEXI ANTONATOS,

    Plaintiff,

v.

RICHCO INTERNATIONAL, INC.,

    Defendant.

_____/

## **JOINT MOTION FOR APPROVAL OF SETTLEMENT**

    Plaintiff, ALEXI ANTONATOS ("Plaintiff"), and Defendant, RICHCO INTERNATIONAL, INC. ("Defendant") (Plaintiff and Defendant collectively referred to as "The Parties"), by and through their undersigned counsel, hereby file this Joint Motion for Approval of Settlement, and, in support thereof, state as follows:

1. Plaintiff filed the instant case alleging Defendant violated the Fair Labor Standards Act ("FLSA"), seeking unpaid overtime wages, as well as attorneys' fees and costs. *See* ECF No. 1. Defendant denies the allegations.

2. Given the inherent risks and uncertainties of continued litigation, the Parties have negotiated a reasonable, fair, and complete compromise of Plaintiff's

claims. The Parties have determined that a resolution in this case at this juncture outweighs the risks and costs for both Parties in going forward with litigation.

3. A settlement was reached after investigation and conversation regarding information relating to the claim, including but not limited to, Plaintiff's alleged damages. The case involves disputed issues of liability and damages. Accordingly, Plaintiff understands that the monetary consideration being paid in this action is the amount he sought.

4. The Court should approve the Parties' agreed-upon resolution because it was achieved in an adversarial context, experienced counsel represents both Parties, and the terms of the Parties' resolution reflects a fair and reasonable compromise over disputed issues. Moreover, all attorneys' fees and costs were negotiated separate and apart from, and without regard to, the wage amounts being paid to Plaintiff set forth in the Parties' Settlement Agreement. A copy of the Parties' Settlement Agreement is attached hereto as Exhibit "A."

## MEMORANDUM OF LAW

When an FLSA settlement involves a compromise, the settlement is submitted for judicial review and approval. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As would a District Court, the Court is to review the attached Agreement to determine if the settlement is "a fair and

reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*See e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist, LEXIS 10287 at *2-3 (M.D. Fla. Jan, 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair and reasonable. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

Here, the resolution reached by the Parties was negotiated at arm's length and did not involve coercion, collusion, or any undue influence, but was instead agreed upon voluntarily and after due consideration by all Parties. The Parties submit to the Court that the terms of resolution reflect a fair and reasonable settlement regarding *bona fide* disputes between the Parties with respect to whether damages were available to Plaintiff and also the amount of damages that

–3–

were available to the Plaintiff. The amount agreed to by the Parties is the amount Plaintiff sought in the Complaint.

With the Court's approval, the Parties will be resolving the claims and disputes that arise out of/could have arisen out of, or are in any way related to, the FLSA stemming from Plaintiff's employment with Defendant. The Settlement Agreement will result in a full and final settlement as stated in the Settlement Agreement. *See* Ex. A.

Both Parties agree that the attorneys' fees and costs payment was negotiated separate and apart from, and without regard to, the amount being paid to Plaintiff, and further, that same represents a fair and reasonable amount to be paid to Plaintiffs' attorneys.

The Parties submit to this Court that the attached Settlement Agreement is the only agreement governing the settlement.

## **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court find the agreed-upon resolution is fair and reasonable, and therefore, dismiss this action with prejudice.

Respectfully submitted this 15th day of April, 2024.

| */s/ Noah E. Storch* | */s/ Jacob K. Auerbach* |
|---|---|
| Noah E. Storch, Esq. | Jacob K. Auerbach, Esq. |
| Florida Bar No. 0085476 | Florida Bar No. 084003 |
| RICHARD CELLER LEGAL, P.A. | GALLUP AUERBACH |
| 10368 W. State Road 84, Suite 103 | 4000 Hollywood Boulevard |
| Davis, FL  33324 | Presidential Circle-Suite 265 South |
| Tel. (866) 344-9243 | Hollywood, FL |
| Fax (954) 337-2771 | Telephone: (954) 894-3035 |
| E-mail: noah@floridaovertimelawyer.com | Fax: (754) 200-2836 |
|  | E-mail: jauerbach@gallup-law.com.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

–5–