# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ALEXI ANTONATOS,

    Plaintiff,

v.

RICHCO INTERNATIONAL, INC.,

    Defendant.

Case No. 6:24-cv-47-JA-RMN

## **REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the parties' Joint Motion for Approval of Settlement (Dkt. 16), filed April 15, 2024. Upon consideration, I respectfully recommend that the Motion be granted.

## I.   BACKGROUND

On January 8, 2024, Plaintiff Alexi Antonatos filed a Complaint against Defendant Richo International, Inc., alleging violations of the Fair Labor Standard Act ("FLSA"). Dkt. 1. Plaintiff alleges that Defendant failed to pay him the required overtime pay for services rendered in excess of forty hours per week. Dkt. 1 at ¶ 28.

On April 15, 2024, 1, the parties filed the instant motion for settlement approval, which contains a proposed Settlement Agreement. Dkts. 16, 16-1.

The parties inform the undersigned that they have negotiated a settlement of Plaintiff's claim. Under the terms of the settlement agreement, Plaintiff will receive $1,762.50 for alleged unpaid overtime wages, and $1,762.50 in liquidated damages. Dkt. 16-1 at 2. Plaintiff's counsel will receive $6,250.00 for attorney's fees and costs. *Id.* The parties ask the Court to approve the FLSA Agreement and to dismiss the case with prejudice. Dkt. 16.

## II.   LEGAL STANDARD

An FLSA settlement may become final and enforceable only where the Secretary of Labor supervises the settlement or, where the employee brings a private action, by a stipulated judgment entered by the district court after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). To do this, a court considers:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of [Plaintiff's] success on the merits;
(5) the range of possible recovery; and
(6) the opinions of . . . counsel[.]

*Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). Courts should be mindful of the strong presumption

in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

Courts must also scrutinize settlements to determine if a plaintiff's FLSA claims will be compromised by the deduction of attorney's fees, costs, or expenses. *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (per curiam). When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery. A potential conflict can therefore arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs. It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.* One method of doing so is to use the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award. Alternatively, where the matter of attorney's fees is addressed by the parties "independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* (emphasis added).

## III. ANALYSIS

### A. The proposed settlement is fair and reasonable.

*Lynn's Food Stores* requires a court to determine whether a plaintiff's compromise of his claims is fair and reasonable. 679 F.2d at 1354–55.

The undersigned finds no fraud or collusion behind the settlement. The case involves disputed issues regarding FLSA liability, which constitutes a bona fide dispute. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute. The agreement was reached after a successful negotiation by represented parties in good faith to resolve an uncertain case. Dkt. 16 at 2. Considering the foregoing, and the strong presumption favoring settlement, the undersigned finds the settlement amount fair and reasonable. The undersigned therefore finds the consideration being paid to Plaintiff to resolve his FLSA claim is fair and reasonable.

### B. The award of attorney's fees and costs is reasonable.

Turning to the reasonableness of the attorney's fees and costs, in the amount of $6,250.00 in fees and costs that include the filing of this action, the parties represent that they were negotiated separately from Plaintiffs' recovery. *Id*. at 4; Dkt. 20. The Court finds that the fee amount is reasonable,[2] and that the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228.

The Court therefore approves $5,777.96 in attorney's fees and $472.04 in costs.

### IV. CONCLUSION

In view of the above, the Court concludes that the proposed settlement agreement is fair and reasonable. It is therefore **RECOMMENDED** that the Court:

1. **GRANT** the Joint Motion for Approval of Settlement (Dkt. 16);

2. **DISMISS** this case dismissed with prejudice; and

3. **DIRECT** the Clerk is directed to terminate all pending motions and deadlines and to close this case.

---

[2] Even if this were considered using the Lodestar analysis, I find this amount reasonable in light of the parties' filings requested by the Court. *See* Dkt. 20.

**ENTERED** in Orlando, Florida, on April 23, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. John Antoon II

Counsel of Record